# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| RAYMOND WRIGHT, CDCR #P-61138,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>M.A. BAIRES, et al.,<br><br>　　　　　　　　Defendants. | Civil No. 08-1213 JTM (LSP)<br><br>**ORDER:**<br><br>**(1) VACATING ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g); and**<br><br>**(2) DISMISSING ACTION AND DIRECTING PLAINTIFF TO PAY FULL INITIAL CIVIL FILING FEE** |

## I.

### PROCEDURAL HISTORY

On August 18, 2008, Plaintiff, an inmate currently incarcerated at Pleasant Valley State Prison located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4]. On November 26, 2008, this matter was reassigned to District Judge Jeffrey T. Miller for all further proceedings [Doc. No. 11].

## II.

### REVOCATION OF IFP STATUS PURSUANT TO 28 U.S.C. § 1915(g)

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious

physical injury' at the time of filing.").[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

The Court notes as an initial matter that it has carefully reviewed Plaintiff's Complaint and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

---

[1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Wright v. Roberts,* S.D. Cal. Civil Case No. 06-0873 JM (BLM) (Aug. 3, 2006 Order Dismissing action without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike one); *Wright v. Daley, et al*, E.D. Cal. Civil Case No. 06-0235 OWW (DLP) (Feb. 13, 2007 Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A) (strike two); and *Wright v. Johnson, et al.*, E.D. Cal. Civil Case No. 06-2261 MCE (KJM) (Nov. 21, 2007 Order dismissing action for failure to state a claim upon which relief can be granted) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's IFP status is REVOKED pursuant to 28 U.S.C. § 1915(g), and the Court's August 21, 2008 Order granting Plaintiff's Motion to Proceed IFP [Doc. No. 4] is VACATED to the extent it permitted Plaintiff permission to pay the civil filing fee pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2).

IT IS FURTHER ORDERED that:

  (2) This action is DISMISSED for failure to pay the entire $350 civil filing in one lump sum as required by 28 U.S.C. § 1914(a). To re-open the case and proceed on the merits with his claims, Plaintiff must, within sixty (60) days from the date this Order is filed, submit the entire $350 civil filing fee to the Clerk of Court. If Plaintiff fails to do so, this action shall remained DISMISSED and the docket shall remain closed without further Order of the Court.

  (3) The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

DATED: February 10, 2009

               Hon. Jeffrey T. Miller
               United States District Judge