# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| RAYMOND WRIGHT, CDCR #P-61138,<br><br>            Plaintiff,<br><br>    vs.<br><br>M.A. BAIRES, et al.,<br><br>            Defendants. | Civil No.   08-1213 JTM (LSP)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>**[Doc. No. 15]** |

## I.
### PROCEDURAL HISTORY

On August 18, 2008, Plaintiff, an inmate currently incarcerated at Pleasant Valley State Prison located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.    Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].   The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4].    On November 26, 2008, this matter was reassigned to District Judge Jeffrey T. Miller for all further proceedings [Doc. No. 11].

The Prison Litigation Reform Action ("PLRA") provides that a party is precluded from proceeding *IFP* if:

> . . .the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* Afer reviewing Plaintiff's litigation history, the Court found that Plaintiff had accumulated three "strikes" pursuant to 28 U.S.C. § 1915(g). *See* February 10, 2009 Order at 4. Moreover, the Court concluded that Plaintiff's Complaint contained no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Id.* (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (hereafter "*Cervantes*").

Accordingly, the Court determined that Plaintiff's *IFP* status should be revoked as he was barred from proceeding *IFP* in this action as he had three civil actions dismissed as frivolous, malicious or for failing to state a claim. *Id*. at 3 (citing 28 U.S.C. § 1915(g)). Plaintiff was informed that if he wished to proceed in this action he would have to pay the entire $350 civil filing fee in one lump sum as required by 28 U.S.C. § 1914(a). *Id.* at 5.

On February 23, 2009, Plaintiff filed a "Motion to Vacate Court's February 10, 2009 Order" which the Court construes to be a Motion to Reconsider the Court's February 10, 2009 Order.

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

**A.    Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[1]  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re*

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in

*Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.    Discussion**

Here, Plaintiff's Motion is very difficult to decipher but he appears to be challenging the underlying Orders in the cases the Court determined constituted "strikes" for purposes of § 1915(g).  For example, Plaintiff claims that many of those Court Orders were "false and illegal."  (Pl.'s Mot. at 1.)  Moreover, Plaintiff claims that he was unable to present his Appeals because of the District Court Judges' "false assertions" that the appeals were not taken in good faith.  (*Id.*)  Plaintiff believes that the Appellate Court, had they considered his appeals, would have reversed the decisions made by the District Court Judges.  (*Id.* at 2.)

Based on the allegations set forth in Plaintiff's Motion, Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

///
///
///
///
///
///

---

the case of:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason that justifies relief.  FED.R.CIV. P. 60(b).

## III.

### CONCLUSION AND ORDER

Accordingly, the Court construes Plaintiff's Motion to Vacate [Doc. No. 15] as a Motion for Reconsideration and **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 15]. The Clerk of Court shall close the file.

DATED: March 4, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge